UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 07-189 (3) (JRT/JSM) |
| Plaintiff, | **ORDER** |
| v. | |
| MARCHELLO DION JEFFERSON, | |
| Defendant. | |

Marchello Dion Jefferson, #11175-041, USP – FCI Fort Dix, P.O. Box 2000, Fort Dix, NJ 08640, *pro se*.

W. Anders Folk, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for defendant.

This matter is before the Court on a motion by the defendant, Marchello Jefferson, asking for post-conviction relief on the basis of "actual innocence." The Court finds Jefferson effectively waived his right to appeal on these grounds. The Court will consider the motion as one for habeas relief unless Jefferson choses to withdraw this motion to file a formal habeas motion, as explained below.

## BACKGROUND

Jefferson pled guilty to conspiracy to distribute and possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. He also pled guilty to possession and discharge of a weapon in

furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924 (c)(1)(A) and (2). As a part of his plea agreement, Jefferson waived his rights to a trial, to appeal on the question of his guilt, and to appeal his sentence unless he was sentenced to greater than 360 months of imprisonment. Jefferson was sentenced to 78 months and now appeals his sentence. Jefferson does not specify the statutory basis upon which he requests the Court to correct his sentence; however, because his plea agreement did not include a waiver to seek relief under 28 U.S.C. § 2255, his motion may be construed as a petition for habeas relief.

## ANALYSIS

**I.   VALIDITY OF WAIVER IN PLEA AGREEMENT**

A defendant may waive his right to appeal in a plea agreement. *United States v. Andis*, 333 F.3d 886, 889 (8th Cir. 2003). Before enforcing an appeal waiver, the Court undertakes a three-part inquiry. *See United States v. Snelson,* 555 F.3d 681, 685 (8th Cir. 2009). The Court must ensure (1) the defendant knowingly and voluntarily waived his right to appeal; (2) the issues the defendant wishes to appeal fall within the scope of the waiver; and (3) enforcement of the waiver would not result in a miscarriage of justice. *See id.* When conducting this inquiry, the government bears the burdens of proof and persuasion. *See United States v. Sisco,* 576 F.3d 791, 795 (8th Cir. 2009). Any ambiguities in a waiver must be construed against the government. *See id.*

Jefferson's plea agreement states:

The defendant understands that by pleading guilty the defendant waives all rights to a trial or appeal on the question of the defendant's guilt or

> innocence. The defendant understands that Title 18, United States Code, Section 3742, affords the defendant the right to appeal the sentence imposed in this case. . . . [T]he defendant hereby waives all rights . . . to appeal his sentence, unless the Court sentences the defendant above 360 months. The defendant has discussed these rights with his attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

(Plea Agreement ¶16.) The record does not provide, nor does Jefferson allege, any evidence that his plea was not knowing or intelligent. The issues raised by his motion also fall clearly within the scope of this waiver. Finally, the Court sees no injustice in enforcing the waiver. The Court, therefore, finds Jefferson's waiver of the right to an appeal is valid under *Snelson*, such that Jefferson cannot appeal his guilt or innocence under 18 U.S.C. § 3742.

## II. SECTION 2255

In upholding the validity of the waiver, however, the inquiry does not end since the Court is obligated to look beyond the label of a *pro se* inmate's motion to determine if it is cognizable under a different statutory framework. *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990). Because the plea agreement did not include a waiver of Jefferson's right to relief under 28 U.S.C. § 2255, the Court construes this ambiguity against the government and determines the waiver was not intended to include this remedy. *Sisco*, 576 F.3d at 795.

The Court thus must determine if defendant's petition for post-conviction relief can be construed as a motion under 28 U.S.C. § 2255. *See Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a *pro se*

litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category."). Because of the significance of a § 2255 motion and in particular the limitations that flow from such a filing, when a court reclassifies a *pro se* litigant's motion as a § 2255 motion, it must

> notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

*Castro*, 540 U.S. at 383; *see also Morales v. United States*, 304 F.3d 764, 767 (8th Cir. 2002).

The Court thus grants defendant 60 days from the date of this Order to either withdraw his current petition for post-conviction relief or file a § 2255 motion on the prescribed form for use in this district that will supersede his current submission and set forth all of his claims for post-conviction relief. If defendant has not responded to this Order within 60 days, he will be deemed to have consented to having his current petition treated as a § 2255 motion and the Court will rule on the motion as it is currently submitted. Should defendant consent to the Court construing his petition as a § 2255 motion, any subsequent § 2255 motion may be dismissed as a second or successive motion subject to the "gatekeeping provisions" of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *Id.* at 766.

**ORDER**

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant has sixty (60) days from the date of this Order to withdraw his petition for post-conviction relief [Docket No. 989] and file a new motion for relief under 28 U.S.C. § 2255 on the form prescribed for use in this district that will supersede his current petition and set forth all of his post-conviction claims for relief.

2. If defendant does not take the action set out above within sixty (60) days, he will be deemed to have consented to his current submission [Docket No. 989] being treated and decided as a motion for relief under 28 U.S.C. § 2255.

DATED: April 14, 2011  
at Minneapolis, Minnesota.

                                                                                      s/ John R. Tunheim  
                                                                           JOHN R. TUNHEIM  
                                                                    United States District Judge