**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

MARCHELLO DION JEFFERSON,

Defendant.

Criminal No. 07-189 (3) (JRT/JSM)

**ORDER DENYING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255**

Marchello Dion Jefferson, # 11175-041, USP – FCI Duluth, P.O. Box 1000, Duluth, MN 55814, *pro se.*

Michael A. Dees, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Marchello Dion Jefferson has filed a habeas petition pursuant to 28 U.S.C. § 2255. Jefferson seeks a reduction in his sentence based on changes to sentencing guidelines implemented after he was sentenced. The Court finds Jefferson is not entitled to a reduction under § 2255 because he waived his right to appeal his sentence in his plea agreement. Since Jefferson has advanced no other grounds for habeas relief, the Court denies the petition.

## BACKGROUND

On September 7, 2007, Jefferson pled guilty to conspiracy to distribute and possession with intent to distribute fifty grams or more of cocaine base, in violation of 21

U.S.C. §§ 841(a)(1), (b)(1)(A), 846 ("Count 1"). (Docket No. 905.) He also pled guilty to possession and discharge of a weapon in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924 (c)(1)(A), (2) ("Count 3"). (*Id.*) Both of these counts carry a minimum mandatory sentence of ten years. 21 U.S.C. § 841(b); 18 U.S.C. § 924 (c)(1)(A)(iii). Jefferson received a significant downward departure from this ten year minimum under U.S.S.G. § 5K1.1 for substantial assistance, as part of a plea agreement. (Docket No. 905.) As a result, on May 12, 2009, the Court sentenced Jefferson to 60 months for Count 1 and 18 months for Count 3, to be served consecutively. (*Id.* at 2.) As part of his plea agreement, Jefferson waived his rights to a trial, to appeal on the question of guilt, and to appeal his sentence unless he was sentenced to greater than 360 months of imprisonment. (Order at 2, Doc. No. 1045.) Jefferson now seeks habeas relief on the grounds that federal sentencing guidelines have subsequently changed for cocaine offenses and that he deserves a sentence reduction as a result.[1]

## ANALYSIS

Section 2255 "was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." *Davis v. United States*, 417 U.S. 333, 343 (1974). Like habeas corpus, this remedy "does not encompass all claimed errors in conviction and

[1] Initially, Jefferson filed a motion for relief based on actual innocence seeking a reduction in his sentence. (Docket No. 989.) The Court construed this as a motion for habeas relief and notified Jefferson that he had sixty days to either withdraw that motion or refile the motion setting forth all his claims under § 2255. (Order at 4, Docket No. 1045); *see Castro v. United States*, 540 U.S. 375, 381 (2003). On April 22, 2011, Jefferson filed this motion to reconsider his original motion under 28 U.S.C. § 2255 with no additional claims asserted. (Docket No. 1048.) Jefferson also filed a motion to expedite the earlier motion (Docket No. 1013) which is rendered moot with this Order.

sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Section 2255 allows a federal prisoner limited opportunity to seek post-conviction relief on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . ." 28 U.S.C. § 2255(a). The permissible scope of a § 2255 collateral attack on a final conviction or sentence is severely limited: "an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Addonizio*, 442 U.S. at 185 (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). Enforcement of illegal sentences, for example, and sentences that violate a plea agreement are considered miscarriages of justice. *See DeRoo v. United States*, 223 F.3d 919, 923-24 (8th Cir. 2000).

However, § 2255 was intended to be narrower in scope than a defendant's appeal rights. *See Addonizio*, 442 U.S. at 185 ("[A]n error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment. The reasons for narrowly limiting the grounds for collateral attack on final judgments are well known and basic to our adversary system of justice. The question . . . is whether an error has occurred that is sufficiently fundamental to come within those narrow limits."). As a result, "the writ of habeas corpus should not do service for an appeal." *Berkoff v. Humphrey*, 159 F.2d 5, 8 (8th Cir. 1947) (citing *Adams v. United States*, 317 U.S. 269, 274 (1942)).

Here, Jefferson attempts through habeas to do what he cannot through appeal, since he waived his right to appeal a sentence less than 360 months. He retained all other rights for habeas relief, however his petition asserts no independent, non-waived grounds for habeas relief despite this Court's direction for him to file his petition asserting "all the § 2255 claims he believes he has." (Order at 4, Docket No. 1045 (quoting *Castro*, 540 U.S. at 383).) Thus the Court finds that Jefferson's petition is covered by his waiver. As a result, the Court denies Jefferson's petition for habeas relief.[2]

## CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000). To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the issue must deserve further proceedings. *See Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). The Court finds that another court would not decide the issues raised in this § 2255 motion differently. For this reason, the Court concludes that Jefferson has failed to make the required substantial showing of the denial of a constitutional right, and the Court denies a certificate of appealability.

[2] The Court declines to reach the merits of Jefferson's petition, however, Jefferson's argument is that his sentence should be reduced because of passage of the Fair Sentencing Act ("FSA"). Pub. L. No. 111-220, 124 Stat. 2372 (2010). The Eighth Circuit has repeatedly held that the FSA is not retroactive. *See, e.g.*, *United States v. Brewer*, 624 F.3d 900, 909 n.7 (8th Cir. 2010). Jefferson is entitled to no relief based on the FSA since he pled guilty and was sentenced prior to passage of the FSA. *See United States v. Harris*, No. 09-226(1), 2011 WL 1134983, at *3 (D. Minn. 2011) (discussing the limited retroactivity of the FSA as it relates to yet-to-be sentenced defendants).

**ORDER**

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Jefferson's motion for relief under 28 U.S.C. § 2255 [Docket No. 1048] is **DENIED.**

2. Jefferson's Motion for Relief [Docket No. 1013] is **DENIED as moot**.

**IT IS FURTHER HEREBY ORDERED** that the Court does not certify for appeal under 28 U.S.C. § 2253(c)(1)(B) the issues raised in defendant's motion.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 26, 2011
at Minneapolis, Minnesota.

s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge